JUDGE STEIN

160-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
P.T. BERLIAN LAJU TANKER TBK
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 03471



RECEIVED
APR 09 2008
U.S.D.C. S.D N.Y.
CASHIERS

---

P.T. BERLIAN LAJU TANKER TBK,

Plaintiff,

-against-

RINEX NAFTA LIMITED,

Defendant.

**08 Civ _____ ( _____ )**

**VERIFIED COMPLAINT**

---

Plaintiff, P.T. BERLIAN LAJU TANKER TBK (hereinafter "P.T. BERLIAN") for its

Verified Complaint against Defendant RINEX NAFTA LIMITED (hereinafter "RINEX")

alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party. This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et seq.*

2.    At all times material hereto, Plaintiff P.T. BERLIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Wisma BSG 10th Floor, Jalan Abdul Muis 40, Jakarta 10160, Indonesia.

3.    At all times relevant hereto, Defendant RINEX was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at The Lake Building, Suite 120, Wickhams Cay 1, Road Town, Tortola, Iles Vierges, British Virgin Islands.

4.    On or about January 14, 2005, Defendant RINEX, as charterer, entered into a maritime contract of charter party with Plaintiff P.T. BERLIAN, as disponent owner[1], for use of the M/T RASAWULAN to carry a cargo of gasoil from Russia to Hong Kong, Vietnam or Singapore.

5. ·   Under the charter, demurrage was payable by Defendant RINEX to Plaintiff P.T. BERLIAN at the rate of US$11,000 per day pro rata for any time the vessel was delayed beyond the agreed laytime of 84 hours at load and/or discharge ports.

6.    Plaintiff P.T. BERLIAN duly delivered the M/T RASAWULAN into the service of Defendant RINEX, and duly performed its obligations under the charter.

7.    Demurrage had been incurred by Defendant RINEX and invoices were issued to RINEX showing balances in Plaintiff P.T. BERLIAN's favor in the amounts of $18,906.25.

8.    In breach of the charter, and despite due demand, Defendant RINEX has failed and/or otherwise refused to pay certain amounts earned by Plaintiff P.T. BERLIAN and outstanding under the charter, and the entire amount of $18,906.25 remains unpaid and owing.

9.    The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and P.T. BERLIAN specifically

---

[1] P.T. BERLIAN is not the actual owner of the vessel but instead chartered the vessel from another entity.

reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

10.    This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff P.T. BERLIAN's claims made or to be made in the London arbitration under English law, as agreed by the parties.

11.    As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

12.    Plaintiff P.T. BERLIAN estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in London arbitration will be $6,000. Interest incurred thus far (calculated at a rate of 6% per annum compounded quarterly as of Defendant's breach of the charter) and interest anticipated to accrue (calculated at the rate of 8% per annum compounded quarterly for a period of two year, the estimated time for completion of the proceedings in London) is estimated to be $8993.75.

13.    In all, the claim for which Plaintiff P.T. BERLIAN sues in this action, as near as presently may be estimated, totals **$ 33,900,** no part of which has been paid by Defendant RINEX, despite due demand. Plaintiff P.T. BERLIAN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure P.T. BERLIAN.

### Request for Rule B Relief

14.    Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have,

assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant RINEX NAFTA LIMITED (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15.    The total amount sought to be attached pursuant to the above is **$33,900**.

WHEREFORE, Plaintiff P.T. BERLIAN LAJU TANKER TBK prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$33,900** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant RINEX NAFTA LIMITED, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       April 9, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
P.T. BERLIAN LAJU TANKER TBK

By: _____
    Michael E. Unger (MU 0045)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900
    (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York )
                 ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
9th day of April 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10